**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001157
07-JUL-2015
11:58 AM**

NO. CAAP-14-0001157


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


BANK OF AMERICA, N.A., Plaintiff-Appellee,
v.
CONCEPCION I. ARCE, Defendant-Appellant,
and
JOHN DOES 1-50, JANE DOES 1-50,
DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50,
DOE ENTITIES 1-50, and DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 13-1-0215(1))


ORDER DENYING JUNE 12, 2015 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of Plaintiff-Appellee Bank of America,

N.A.'s (Appellee Bank of America) June 12, 2015 motion to dismiss

appellate court case number CAAP-14-0001157 for lack of appellate

jurisdiction, and the record, it appears that we have appellate

jurisdiction over appellate court case number CAAP-14-0001157,

because, contrary to Appellee Bank of America's assertion,

Appellant Concepcion I. Arce's October 6, 2014 notice of appeal

does not assert an appeal from the Honorable Rhonda I.L. Loo's

November 29, 2013 judgment on the decree of foreclosure that would be untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP), but, instead, Appellant Arce's October 6, 2014 notice of appeal asserts a timely appeal from the following two September 8, 2014 post-judgment orders that the Honorable Rhonda I.L. Loo entered:

> (1) a September 8, 2014 post-judgment order denying Appellant Arce's June 4, 2014 post-judgment motion for relief from the judgment pursuant to Rule 60(b) of the Hawaii Rules of Civil Procedure (HRCP); and
>
> (2) a September 8, 2014 post-judgment order denying Appellant Arce's June 4, 2014 post-judgment motion to stay the judgment.

Appellee Bank of America additionally argues that the doctrine of res judicata precludes Appellant Arce's appeal. Even when the doctrine of res judicata applies to the circumstances of a particular case, the doctrine of res judicata involves claim preclusion, but does not bar an appeal in the case. See, e.g., Bremer v. Weeks, 104 Hawai'i 43, 53-54, 85 P.3d 150, 160-61 (2004).

Hawaii Revised Statutes (HRS) § 667-51(a)(1) (Supp. 2014) authorized a timely appeal from the November 29, 2013 judgment on the decree of foreclosure. No party asserted such an appeal in this case. However, following the entry of an appealable final judgment, HRS 641-1(a) (1993 & Supp. 2014) authorizes an appeal from a post-judgment order that finally determines, and, thus, ends the post-judgment proceedings for a post-judgment motion. Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003). For example, "[a]n order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)." Id. at 160, 80 P.3d at 981

-2-

(citation omitted).  Furthermore, a post-judgment order that finally determines a post-judgment motion for a "stay of proceedings is an appealable final order under HRS § 641-1(a)[.]" Chun v. Board of Trustees of the Employees' Retirement System of the State of Hawai'i, 106 Hawai'i 416, 430 n.13, 106 P.3d 339, 353 n.13 (2005).  In the instant case, both of the two September 8, 2014 post-judgment orders are appealable post-judgment orders pursuant to HRS § 641-1(a).  Appellant Arce timely filed her October 6, 2014 notice of appeal within thirty days after entry of the two September 8, 2014 post-judgment orders, as HRAP Rule 4(a)(1) required.  Therefore, pursuant to HRS § 641-1(a), we have appellate jurisdiction over Appellant Arce's appeal.

Accordingly, IT IS HEREBY ORDERED that Appellee Bank of America's June 12, 2015 motion to dismiss appellate court case number CAAP-14-0001157 for lack of appellate jurisdiction is denied.

DATED: Honolulu, Hawai'i, July 7, 2015.

Presiding Judge

Associate Judge

Associate Judge

-3-